UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GEOGHEGAN,

        Petitioner,         Case Number: 08-10136
                                        Honorable Nancy G. Edmunds
v.

L. C. EICHENLAUB,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

Petitioner Michael Geoghegan, a federal prisoner, filed two *pro se* petitions for writs of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2243. When Petitioner filed the petitions, he was confined at the Federal Correctional Institution in Milan, Michigan.[1] On January 9, 2008, Petitioner filed his first petition, which was assigned case number 08-10136 and was assigned to the undersigned. Then, on June 6, 2008, Petitioner filed a second petition, which was assigned case number 08-12418 and was assigned to a different judge. In the interest of justice, the Court has consolidated the cases under case number 08-10136, as they are the same; in his pleadings, Petitioner alleges that he is being held in violation of his constitutional rights because the warrant issued against him was invalid. For the reasons that follow, the petition is denied.

**II. Background[2]**

---

[1] According to the Federal Bureau of Prisons' Inmate Locator Website, Petitioner was released on July 3, 2008.

[2] This background is taken almost verbatim from the government's response. The Court appreciates the government's effort in accurately marshaling the pertinent facts and procedural

On April 20, 1978, Petitioner was sentenced to ten years imprisonment for his conviction for armed bank robbery in this district. On January 16, 1984, a consecutive ten-year term of imprisonment was imposed by the United States District Court for the Southern District of Illinois for forcibly assaulting a correctional officer at the United States Penitentiary in Marion, Illinois. Subsequently, Petitioner was mandatorily released on October 1, 1990, with a full-term expiration date of November 28, 1997.

Then, on May 3, 1991, the Commission issued a warrant charging Petitioner with (1) violation of special condition (alcohol aftercare), (2) unauthorized association with known convicted felons, (3) falsifying monthly supervision reports, (4) the law–assaulting an individual with a knife, (5) unauthorized possession of a dangerous weapon (pocket knife), and, (6) failure to obtain/maintain regular employment. Petitioner's mandatory release was revoked on September 9, 1991. Following, he was paroled on October 7, 1991, with special conditions and a full-term date of November 28, 1997.

On October 23, 1991, the Parole Commission issued a parole-violator warrant, charging Petitioner with violation of special condition (CCC)–Community Corrections Center; Petitioner failed to reside and participate in the program and was terminated for disrupting the progress of the other participants. Then, on March 30, 1992, his parole was revoked.

Subsequently, Petitioner was re-paroled on June 19, 1992, again with a full-term expiration date of November 28, 1997. On December 2, 1994, the Commission issued a warrant charging Petitioner with three bank robberies and failure to report arrest; Petitioner was convicted and sentenced by the Oakland County, Michigan, Circuit Court to fifteen to thirty-five

---

history, as well as attaching all of the relevant documents.

years imprisonment for two counts of bank robbery which occurred on February 21 and 23, 1992, and by the Livingston County, Michigan, Circuit Court to a concurrent term of fifteen to thirty years imprisonment for one count of bank robbery–sentences from each court to run consecutively.

The Parole Commission then lodged a detainer against Petitioner on March 28, 1995. On June 27, 1996, the Commission sent a letter to the Alger Maximum Correctional Facility in Munising, Michigan, where Petitioner was incarcerated, which stated that a dispositional review of the warrant would be conducted and that Petitioner had a right to submit a statement or have an attorney submit a statement on his behalf. Petitioner was also informed, at that time, of the possible actions that the Commission could take after the review. Petitioner obtained counsel, and in his January 1997 statement, Petitioner admitted that he had been aware of the Commission's warrant against him for approximately two years.

After conducting its review, the Commission issued a February 26, 1997, Notice of Action, which ordered the detainer to stand. A copy of that notice was sent to the Marquette Branch Prison in Marquette, Michigan, where Petitioner was housed at the time, and to his attorney.

After Petitioner completed his prison term for his state convictions, the Commission's warrant was executed and he was transferred to federal custody on December 26, 2007. Petitioner was given a copy of the warrant application, listing the violation charges.

On January 29, 2008, Petitioner was informed that the Commission had probable cause to believe that he had violated the conditions of his parole (three bank robberies and failure to

report arrest) and that he would receive an institutional revocation hearing. He was also informed that he could have counsel appointed to represent him at the hearing. Petitioner was also provided with the evidence that the Commission would be considering at that hearing– (1) the warrant and warrant application, dated December 2, 1994, (2) the executed warrant, dated December 26, 2007, (3) the letters from United States Probation Officer Woodie Thomas, (4) the parole certificate, dated June 11, 1992, and, (5) the Notice of Action, dated January 16, 2008. (The Commission issued a Notice of Action, dated January 16, 2008, modifying the December 2, 1994, warrant to reflect the correct number of days remaining for Petitioner to serve on parole to be 1988 days, instead of 1989 days.)

Petitioner's revocation hearing was conducted on March 19, 2008, at the Federal Detention Center in Milan, Michigan. Petitioner was represented by Federal Defender Andrew Wise, who stated that the Commission had failed to provide Petitioner with disclosure of the information that would be considered at the hearing. However, Mr. Wise stated that he was willing to move forward with the hearing because he knew that Petitioner's parole violation charges were based upon his Michigan convictions.

At the hearing, the hearing examiner recommended that Petitioner's parole be revoked and that he be re-paroled on June 25, 2008, after serving 186 months in prison. The hearing examiner recommended a decision above the guideline range of 78-100 months because, at the time of the hearing, Petitioner had already served 183 months in prison and additional time was needed for release planning. On April 2, 2008, the Commission issued a Notice of Action, advising Petitioner that he would be re-paroled, effective June 25, 2008. Petitioner's full-term expiration date is June 5, 2013.

Petitioner filed the present petition for writ of habeas corpus on January 9, 2008, after he was transferred to federal custody pursuant to the parole-violator warrant.

### III. Analysis

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3); *See also United States v. Jalili*, 925 F.2d 889, 893-894 (6th Cir. 1991). Review of a decision by the Parole Commission is limited to a determination that a rational basis exists for the Commission's conclusion. *Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993). Neither its findings of fact nor credibility determination are subject to review. *Id.* at 533.

### A. Parole Violator Warrant Claim

Petitioner argues that the parole-violator warrant issued on December 2, 1994, is invalid because the Commission violated the notification requirements of 18 U.S.C. § 4213(c) and 28 C.F.R. § 2.46(b).[3] Specifically, Petitioner claims that the Commission did not notify him of the parole violation charges against him, his applicable procedural rights under the Commission's regulations, and the possible actions which could be taken by the Commission. Petitioner's argument is without merit.

The Parole Commission is required to provide a parolee with written notice of the conditions of parole that he or she is alleged to have violated, his or her applicable rights, and the possible actions that could be taken by the Commission whenever a warrant is issued or executed. 18 U.S.C. § 4213(c) and 28 C.F.R. § 2.46(b). In this case, in 1996, the Commission

---

[3]Petitioner incorrectly cites 28 C.F.R. § 2.99(b), which is only applicable to District of Columbia offenders. However, 28 C.F.R. § 2.46(b), applicable to federal offenders, corresponds to the notification requirements in § 2.99(b).

informed Petitioner that a detainer had been lodged against him, that the Commission would be conducting an on-the-record dispositional review of his case to determine the status of his parole- violator warrant, and that he had a right to submit a statement or have an attorney submit a statement on his behalf regarding the dispositional review. Petitioner was also notified of the possible actions that the Commission could take after its review.

Petitioner's counsel did submit a statement on his behalf. In that statement, through counsel, Petitioner admitted that he had been aware of the Commission's warrant against him for approximately two years, since its issuance on December 2, 1994.

After its review, the Commission issued a Notice of Action, which ordered the detainer to stand. Copies of that notice were sent to the Marquette Branch Prison, where Petitioner was imprisoned at the time, and to his attorney.

Subsequently, after the warrant was executed, the Commission informed Petitioner that there was probable cause to believe that he violated the conditions of his parole and that there would be an institutional-revocation hearing. Again, Petitioner was informed that he could have counsel appointed to represent him at the hearing, and Petitioner was provided with the evidence that the Commission would consider at the institutional-revocation hearing–the 1994 warrant and warrant application, the 2007 executed warrant, letters from his parole officer, 1992 parole certificate, and the Notice of Action, dated January 16, 2008. Petitioner was represented at his revocation hearing by Mr. Wise, who informed the examiner that he was aware Petitioner's warrant was based on his state convictions, and therefore, he was prepared to proceed with the hearing. Against that backdrop, it is clear that Petitioner received notification in compliance with statutory and regulatory requirements and was prepared to proceed with his revocation

hearing.

However, even if the Commission had not provided Petitioner with the requisite notification, he would not be entitled to relief unless he could make a showing of prejudice.  *See Bennett v. Bogan*, 66 F.3d 812, 818 (6th Cir. 1995) (holding that a delay of five and a half years between the issuance and execution of a parole violator warrant did not violate parolee's due process rights because parolee was not prejudiced); *D'Amato v. United States Parole Comm'n*, 837 F.2d 72, 77 (2d Cir. 1988) ("failure to provide written notice, by itself, is insufficient to justify habeas relief; appellants must demonstrate that they were prejudiced by the claimed infringement of their procedural rights").  Petitioner's conclusory allegations that the Commission was derelict in its duty to provide him with the requisite notification and that he suffered prejudice, without more, does not warrant habeas relief.  Moreover, if the Commission had not provided the requisite notification, the appropriate remedy would not be a writ of habeas corpus, but rather, it would be an order directing the Commission to provide the appropriate notification.  Petitioner's revocation hearing fully outlined the evidence, complied with the procedural requirements, and resulted in a decision that took into account Petitioner's state prison time and the need for release planning.

Here, because the Commission's warrant is valid, Petitioner's parole did not expire on November 28, 1997, as indicated by his October 1991 parole certificate.  Rather, the Commission retained jurisdiction by issuing its warrant before the expiration of Petitioner's sentence.  *See Russie v. United States Dep't of Justice*, 708 F.2d 1445, 1448 (9th Cir. 1983) (the issuance of the warrant bars the expiration of the sentence); *Martin v. Luther*, 689 F.2d 109, 113-117 (7th Cir. 1982); 28 C.F.R. § 2.44(d).  The Parole Commission has jurisdiction over

Petitioner until the

expiration of his sentence on June 5, 2013. On that basis, Petitioner is therefore not entitled to

habeas relief on his parole-violator claim.

### B. Due Process Rights Claim

Petitioner next claims that the Commission violated his due process rights by waiting a period of thirteen years between issuing its warrant on December 2, 1994, and executing the warrant on December 26, 1997. Based on federal statutes and the Commission's regulations, as well as case law from the Supreme Court, this claim for habeas relief is without merit.

The execution of a parole-violator warrant may lawfully be delayed until after completion of the service of a new sentence. *Moody v. Daggett*, 429 U.S. 78, 87 (1976). "[T]he federal courts have routinely upheld federal parole authorities' decisions to lodge a violation warrant as a detainer, postponing the execution of the warrant and revocation hearing until after the parolee's release from the sentence imposed on the conviction which is the basis of the warrant." *Trevino v. Dewalt*, No. 06-232, 2006 WL 3256820 (E.D. Ky. Nov. 9, 2006) (citing *Brundage v. Snyder*, 27 Fed.Appx. 572 (6th Cir. 2001). The decision regarding when to execute the warrant, and thereby take a parole violator into custody, may be made only by the Commission. *See Smith v. United States Parole Comm'n*, 875 F.2d 1361, 1364 (9th Cir. 1989) (the Commission has the sole authority to decide when to execute its warrant and "the federal government has no duty to take anyone into custody.")

The Commission here acted within its discretion when it decided, after conducting a dispositional review, to let Petitioner's detainer stand. *See* 18 U.S.C. § 4214(b) and 28 C.F.R.

§ 2.47. The Commission's discretionary decision is not subject to judicial review. *Wallace v. Christiansen*, 802 F.2d 1339, 1551 (9th Cir. 1986).

Petitioner also argues that by ignoring the nature of Michigan's sentence, his case was prejudiced because he was required to serve more time then necessary. It appears that Petitioner is arguing that the Commission failed to properly consider the length of his state sentence and it should not have ordered him to serve any prison time outside of his state sentence. Petitioner claims prejudice because he served six months prison time beyond the 180 months he served on his state convictions.

After Petitioner's March 19, 2008, revocation hearing, the Commission considered the length of time he served on his state convictions and ordered that he serve additional months in order to plan for his release. Although the Commission chose to execute the violator warrant after Petitioner completed his state sentence, it also decided to run his violator term concurrent with his state term. It is not unreasonable or prejudicial for the Commission to extend a prison term for release planning. Regulations specify that a grant of parole be conditioned upon the approval of release plans by the Commission. 28 C.F.R. § 2.33(a).

In this case, Petitioner has not demonstrated that he suffered any actual prejudice based upon the delay in execution of the warrant. *See Short v. United States Parole Comm'n*, 549 F.Supp. 118 (D.D.C. 1982 ("[U]nless petitioner can establish that actual prejudice has resulted from any of the infirmities he alleges, he cannot be entitled to habeas corpus relief.") Petitioner is therefore not entitled to habeas relief regarding his due process rights claim.

## IV.  Conclusion

Against that backdrop, the Court will dismiss the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, Petitioner need not apply for one with this Court, or the Sixth Circuit, before seeking to appeal this decision.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

## V.  Order

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is denied with prejudice.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 16, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager